UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**QUEEN CHARLOTTE FRANKLIN,**

    **Plaintiff,**

  v.

**UNITED STATES POSTAL SERVICE, et al.,**

    **Defendants.**

Case No. 1:25-cv-60

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

Plaintiff Queen Charlotte Franklin is well-acquainted with the federal courts. At the beginning of 2025, during a two-week span, Franklin, proceeding pro se and in forma pauperis (IFP), filed twenty lawsuits in this District, many of which make nearly incomprehensible (and sometimes illegible) allegations involving "black magic." *See infra* note 1. The Magistrate Judge assigned to this case, exercising her authority under 28 U.S.C. § 1915(e)(2), screened Franklin's Complaint here. In her resulting Report and Recommendation (R&R, Doc. 5), the Magistrate Judge recommends that the Court dismiss the Complaint with prejudice because it is frivolous and fails to state a claim upon which relief may be granted. The R&R also formally warns Franklin that continuing to file frivolous cases will likely result in her designation as a vexatious litigator. For the reasons briefly discussed below, the Court **ADOPTS** the R&R (Doc. 5) in full, **OVERRULES** Franklin's Objection (Doc. 6), **DISMISSES WITH PREJUDICE** Franklin's Complaint (Doc. 4), and **FORMALLY WARNS** Franklin that if she files any new cases that are factually and

legally frivolous or fail to state a claim for relief under screening standards, the Court will declare her a vexatious litigator.

As noted, Franklin has filed no fewer than twenty lawsuits in this District this year.[1] And she filed at least four lawsuits in this District before that.[2] As with many of the other complaints she's filed, the Complaint here makes incoherent allegations about her faith in Jesus Christ and how people around her are practicing "[b]lack magic." (Doc. 4, #27). Franklin specifically alleges that her "homes and phones are tapped," and that "[m]agic is after [her]." (*Id.*).

When she filed her Complaint, Franklin also sought leave to pursue this action IFP. (Doc. 1). In connection with granting that motion, the Magistrate Judge exercised her authority to screen the Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Based on her review, she issued an R&R concluding that the Complaint was frivolous and failed to state a claim. (Doc. 5, #32–33). Within the required fourteen-day timeline, Franklin objected. (Doc. 6).

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or

---

[1] Those twenty cases, all filed in this District, include: 1:25-cv-41, 1:25-cv-42, 1:25-cv-44, 1:25-cv-48, 1:25-cv-49, 1:25-cv-51, 1:25-cv-52, 1:25-cv-58, 1:25-cv-59, 1:25-cv-60 (this case), 1:25-cv-65, 1:25-cv-77, 1:25-cv-78, 1:25-cv-79, 1:25-cv-80, 1:25-cv-82, 1:25-cv-83, 1:25-cv-86, 1:25- cv-87, 1:25-cv-88.

[2] Those four lawsuits include: 1:22-cv-775 (dismissed), 1:24-cv-524 (dismissed), 1:24-cv-610 (R&R recommending dismissal pending), 1:24-cv-611 (dismissed).

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

But that review extends "only to any portion [of the R&R] to which a proper objection was made." *Bates*, 2023 WL 4348835, at *1 (quotation omitted). A proper objection, moreover, is one that is "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, the Magistrate Judge found the Complaint deficient on multiple fronts. First, the R&R observes that the Complaint is "rambling, difficult to decipher, and virtually incomprehensible." (Doc. 5, #32). And the R&R further notes that the allegations do not provide Defendants fair notice of what exactly Franklin is suing for or on what grounds. (*Id.*). In sum, the Magistrate Judge recommends dismissing

the Complaint as frivolous because it does not allege any facts from which the Court can reasonably infer a legally viable claim. (*Id.* at #32–33).

Franklin objected—nominally anyway. (Doc. 6). Her objections are perhaps best described as a stream-of-conscience narrative, describing other things she believes have happened to her. (*See id.* at #39–45). But nowhere in that filing does Franklin mention the R&R, much less make specific objections to it (at least as far as the Court can tell; much of the text is illegible). And, in any event, after reviewing the Complaint de novo, the Court agrees with the Magistrate Judge that it is incoherent. While the Court appreciates that Franklin "h[as] many stories" and is concerned about the "evil [] work of Satan" and "[b]lack magic," (Doc. 4, #27), her allegations simply do not set forth a rational claim.

Beyond recommending dismissal, the Magistrate Judge formally warned Franklin that "she is highly likely to be deemed to be a vexatious litigator and made subject to prefiling limitations if she persists in filing additional cases that are factually and legally frivolous or fail to state a claim for relief under screening standards." (Doc. 5, #36). The Court joins in that warning here. Significant judicial resources and court time have been spent screening Franklin's numerous complaints, most (if not all) of which appear to advance wholly frivolous allegations. As such, the Court **FORMALLY WARNS** Franklin that filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator.

4

For the reasons explained, the Court **ADOPTS** the R&R (Doc. 5) in full, **OVERRULES** Franklin's Objection (Doc. 6), and **DISMISSES** the matter **WITH PREJUDICE** because the Complaint is frivolous and fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Franklin leave to appeal IFP. But as a non-prisoner, Franklin may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). Finally, the Court **DIRECTS** the Clerk:

- To **TREAT** any future filings by Franklin (or Franklin-Samuels) as related to this case, No. 1:25-cv-60, and thus assign them to the undersigned; and

- **NOT TO ACCEPT** more than two new filings by Franklin (or Franklin-Samuels) until the Court has the opportunity to review those filings and determine whether they are frivolous or fail to state a claim upon which relief may be granted; and;

- To enter judgment and **TERMINATE** this case on its docket.

  **SO ORDERED.**

March 31, 2025
**DATE**

DOUGLAS R. COLE
**UNITED STATES DISTRICT JUDGE**